USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1729 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. RICHARD A. MOTTOLO, ET AL., Defendants, Appellants. ____________________ No. 93-2078 UNITED STATES OF AMERICA, Plaintiff, Appellee, v. RICHARD A. MOTTOLO, ET AL., Defendants, Appellants. ____________________ APPEALS FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Robert J. Kelleher,* Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Selya and Cyr, Circuit Judges. ______________ ____________________ July 18, 1994 ____________________ ____________________ *Of the District of Central California, sitting by designation. James H. Gambrill, with whom Engel, Gearreald & Gardner, P.A. was _________________ ________________________________ on brief for appellants. Andrea Nervi Ward, Attorney, Department of Justice, with whom __________________ Jeffrey R. Howard, Attorney General, Anne E. Renner, Assistant ___________________ ________________ Attorney General, Lois J. Schiffer, Acting Assistant Attorney General, ________________ Beth Tomasello, Attorney, EPA, David C. Shilton and Elizabeth Yu, _______________ _________________ ____________ Attorneys, Department of Justice, were on brief for appellee. 2 CYR, Circuit Judge. Defendants Richard A. Mottolo and CYR, Circuit Judge. _____________ Service Pumping & Drain Co., Inc. (collectively, "Mottolo") appeal from a district court judgment declaring them jointly and severally liable under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA), 42 U.S.C. 9601-9675, 9607 (1993), for all past and future response costs incurred by plaintiffs-appellees, the United States and the State of New Hampshire ("State"), in remediating hazardous waste contamination on property owned by Mottolo. Finding no error, we affirm. I I BACKGROUND BACKGROUND __________ Mottolo acquired a 65-acre parcel of farmland in Raymond, New Hampshire ("Property") in 1964. In 1975, Service Pumping & Drain Co., Inc. began operations at the Property. In 1979, the State discovered "hazardous [chemical] substances" on the Property, see id. 9601(14); 40 C.F.R. pt. 261 (1993), and ___ ___ determined that the contaminants had been discharged directly onto the surface or deposited in leaching barrels buried beneath the surface. The State determined that the waste threatened a groundwater aquifer feeding nearby wells, and requested the United States Environmental Protection Agency ("EPA") to take removal and remediation measures. During the EPA cleanup, alleges Mottolo, EPA moved drums from the contaminated northern 3 sector of the Property for temporary storage at a staging area on the southern boundary pending removal from the Property. The United States and the State filed suit in federal district court to recover past and future cleanup costs, see 42 ___ U.S.C. 9607(a)(4)(A), naming as defendants, inter alia: _____ ____ Mottolo, as "owner" and "operator" of the Property and "trans- porter" of waste to the site; and K.J. Quinn and Company ("Quinn"), as an alleged "generator" of the waste who contracted with Mottolo for its on-site disposal. See id. 9607(a)(1)-(4) ___ ___ (listing "potentially responsible parties," who are jointly, _______ severally, and strictly liable for all CERCLA response costs); _________ ________ Juniper Dev. Group v. Kahn (In re Hemingway Trans., Inc.), 993 ___________________ ____ _____________________________ F.2d 915, 921 (1st Cir.), cert. denied, 114 S. Ct. 303 (1993). _____ ______ Mottolo and Quinn interposed several statutory and equitable defenses to CERCLA liability. In August 1988, plaintiffs-appellees successfully moved for partial summary judgment as to Mottolo's and Quinn's joint and several liability for response costs. United States v. _____________ Mottolo, 695 F. Supp. 615, 631-32 (D.N.H. 1988); see Fed. R. Civ. _______ ___ P. 56(c) ("A summary judgment . . . may be rendered on the issue of liability alone though there is a genuine issue as to the amount of damages."). In 1990, the parties stipulated to the amount of past response costs incurred by the appellees "not inconsistent with the national contingency plan" ($601,961), see ___ 42 U.S.C. 9607(a)(4)(A), and the district court subsequently 4 entered judgment declaring Mottolo liable for those response costs, as well as for any future cleanup costs appellees might incur at the Property. United States v. Mottolo, Nos. 83-547-D, _____________ _______ 84-90-D (D.N.H. Dec. 17, 1992); see 42 U.S.C. 9613(g)(2). ___ After the district court certified its declaratory judgment, pursuant to Fed. R. Civ. P. 54(b), Mottolo brought these appeals challenging its liability for past and future cleanup costs. II II DISCUSSION DISCUSSION __________ Mottolo asserts two challenges to the district court judgment declaring him "jointly and severally" liable to the State and the United States for all past and future response costs at the Property. First, Mottolo contends that a trialworthy issue remained with respect to his entitlement to a "third party" affirmative defense under CERCLA which permits an otherwise potentially responsible party to escape strict liabili- ty if he proves by a preponderance of the evidence that the contamination was "caused solely by . . . an act or omission of ______ [an unrelated] third party." 42 U.S.C. 9607(b)(3) (emphasis added). Mottolo argues that even if he were to concede strict liability for the contamination in the northern sector of the ________ ______ Property, the "sole" cause of contamination in the pristine southern boundary area of the Property was EPA's gross negligence ________ ________ ____ in removing leaching barrels of waste to the latter area for 5 temporary storage. Second, Mottolo attempts to employ this same partitioning approach to establish that legal responsibility for environmental harm to the Property is likewise "divisible" since partitioning would permit a reasonable apportionment of costs between himself and EPA. See O'Neil v. Picillo, 883 F.2d 176, ___ ______ _______ 178 (1st Cir. 1989), cert. denied, 493 U.S. 1071 (1990). We _____ ______ decline to address these claims because they were not preserved in the district court. Section 9607(b)(3) and the O'Neil "divisibility" ______ doctrine constitute affirmative defenses which would preclude CERCLA liability. See United States v. Monsanto Co., 858 F.2d ___ ______________ _____________ 160, 168 (4th Cir. 1988), cert. denied, 490 U.S. 1106 (1989). _____ ______ Yet neither defense was raised in Mottolo's answers to appellees' complaints, see Fed. R. Civ. P. 8(c) (in its responsive pleading, ___ "a party shall set forth . . . any other matter constituting an avoidance or affirmative defense"), nor did Mottolo advance either contention in response to appellees' motions for partial summary judgment in 1988.1 By contrast, codefendant Quinn squarely raised the "third party" defense albeit premised on unsupported allega- tions of a "negligent" EPA cleanup both in its answer and ____________________ 1In an August 1986 memorandum opposing partial summary judgment (Docket # 176), Mottolo raised two matters: (1) a claim that CERCLA could not be given retroactive effect to permit recovery of pre-enactment response costs; and (2) an estoppel claim based on an EPA representative's alleged statement that EPA would not seek reimbursement from Mottolo. 6 responsive memoranda. Indeed, the district court specifically noted in its August 1988 summary judgment decision that this defense had been presented by Quinn alone, not by Mottolo. See _____ ___ Mottolo, 695 F. Supp. at 625 ("Quinn asserts that . . . EPA's _______ _____ allegedly negligent supervision of cleanup operations . . . .") (emphasis added); id. at 626, 626 n.9 ("Quinn also asserts it ___ _____ exercised due care in its dealings . . . .") (emphasis added). But cf. id. at 627-28 (addressing Mottolo's distinct equitable ___ ___ ___ _________ defenses, including estoppel, waiver, and release). At summary judgment on the issue of liability, unproffered affirmative defenses to liability normally are deemed abandoned. See, e.g., ___ ____ United Mine Workers 1974 Pension v. Pittston Co., 984 F.2d 469, _________________________________ ____________ 478 (D.C. Cir.), cert. denied, 113 S. Ct. 3039 (1993); Pantry _____ ______ ______ Inc. v. Stop-n-Go Foods, Inc., 796 F. Supp. 1164, 1167 (S.D. Ind. ____ _____________________ 1992). Mottolo's failure to preserve these affirmative defens- es was neither technical in nature nor inadvertent. Mottolo was not entitled to rely on codefendant Quinn's "third party" de- fense, because such a defense is personal to the defendant who ________ raises it.2 But even if the rule were otherwise, Mottolo could not claim the benefit of a codefendant's proffer that a third party (EPA) was the sole cause of the contamination, without _______ ____________________ 2The district court expressly noted, moreover, that the codefendants would be treated as a group only where their "indiv- idual arguments . . . apply to and benefit all . . . defendants." Mottolo, 695 F. Supp. at 618 n.1. _______ 7 first establishing that "(a) [Mottolo himself] exercised due care _____ ____________ _______ ___ ____ with respect to the hazardous substance concerned, taking into consideration the characteristics of such hazardous substance, in light of all relevant facts and circumstances, and (b) [Mottolo _______ himself] took precautions against foreseeable acts or omissions of any such third party and the consequences that could foreseeably result from such acts or omissions." 42 U.S.C. 9607(b)(3)(a)-(b) (emphasis added). At the very least, there- fore, Mottolo would have been required to present developed argumentation and competent evidence that he exercised "due care" _________ ________ as an "owner," "operator," and "transporter," see Pahlavi v. ___ _______ Palandjian, 809 F.2d 938, 943 (1st Cir. 1987); see also Celotex __________ ___ ____ _______ Corp. v. Catrett, 477 U.S. 317, 322-23 (1986), factual issues _____ _______ wholly distinct from codefendant Quinn's due care as a "genera- tor." Even as late as December 1992, however, the district court re-examined Quinn's third-party defense but observed that _____ Mottolo had yet to "articulate[] [a 'due care' argument] on his __ ___ own behalf." Mottolo, Nos. 83-547-D, 84-90-D, slip op. at 10 n.6 ___ ______ _______ (emphasis added).3 ____________________ 3Even if these defenses had not been abandoned irretrievably in 1988, and could have been raised for the first time in re- sponse to the request for declaratory relief, Mottolo has not included any of his later responsive memoranda in the appellate record. These memoranda are the only means by which appellate review of the district court ruling that Mottolo failed to "articulate" the "due care" contention critical to his defense might conceivably have been rendered practicable. See Silva v. _____ ___________ ___ _____ Witschen, 19 F.3d 725, 728 n.4 (1st Cir. 1994) (appellant must ________ bear responsibility for omitting material items from appellate record) (citing Fed. R. App. P. 10(b), 11(a)); see also 1st Cir. ___ ____ 8 Finally, and most importantly, there is no suggestion or indication that Mottolo was unable to assert these defenses in a timely manner in 1988, after Mottolo's pre-cleanup handling of the hazardous waste and EPA's cleanup activities had become matters of historical fact. Nor did Mottolo ever request an extension of time for discovery relating to these matters. See ___ Fed. R. Civ. P. 56(f). Moreover, Quinn's synchronous pleadings and summary judgment memoranda put Mottolo on clear notice of these very affirmative defenses. To hold that a defendant in these circumstances may bide his time by withholding such liability-negating affirmative defenses until after summary judgment has been entered against him in the district court, and then assert them years later only after an appeal has been taken, would make a mockery of the summary judgment process and do incalculable injustice to opposing parties who have played by the rules. Accordingly, the district court judgment declaring Mottolo jointly and severally liable for appellees' CERCLA response costs must be affirmed. The judgment is affirmed; double costs to appellees. The judgment is affirmed; double costs to appellees. ___ ________ __ ________ ______ _____ __ _________ ____________________ R. 11(c). 9